## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| PARIS LA MONTE HUNTER, | Case No. 23-CV-2807 (JRT/JFD) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| UNITED STATES OF AMERICA and WARDEN FCI PEKIN, | |
| Respondents. | |

Petitioner Paris La Monte Hunter pleaded guilty in this District to two counts of production of child pornography and was sentenced to a 380-month term of imprisonment, which he is currently serving at the Federal Correctional Institution in Pekin, Illinois. Mr. Hunter has now filed a petition for a writ of habeas corpus seeking to collaterally attack his convictions and sentence.

Mr. Hunter plainly has filed his habeas petition in the wrong venue. A habeas petition must be presented in the district in which the petitioner is detained, not the district in which the petitioner was sentenced. *See* 28 U.S.C. § 2241(a); *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009) ("[T]he proper venue for filing a § 2241 petition is the district in which the prisoner is confined."). Mr. Hunter is currently incarcerated within the jurisdictional boundaries of the United States District Court for the Central District of Illinois. Any writ of habeas corpus effective to grant Mr. Hunter the relief that he seeks must be directed to his jailor, the warden of the facility where he is detained. That jailor is not within the jurisdiction of this Court.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court thus could transfer Mr. Hunter's habeas petition to the Central District of Illinois pursuant to § 1406(a). But it should not. A collateral attack by a federal prisoner on a conviction or sentence generally must be brought through a motion under 28 U.S.C. § 2255 in the prisoner's criminal proceedings, not through a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2255(e); *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002). If Mr. Hunter's habeas petition were to be transferred, it would be summarily dismissed upon arrival for having violated the exclusive-remedy rule of § 2255(e). Any such transfer, far from being in the interests of justice, would be a waste of judicial resources.

Alternatively, the habeas petition could be "transferred" within this District and docketed as a motion under § 2255 in Mr. Hunter's criminal proceeding, which would be the appropriate procedural vehicle for Mr. Hunter to present his claims. But around the same time that Mr. Hunter filed his habeas petition, he also filed a similar document in his criminal proceeding raising similar claims for relief. *United States v. Hunter*, 18-cr-289 (DWF), Dkt. No. 109. That document was not labeled as a motion under § 2255, but the sentencing court has informed Mr. Hunter that the document will be construed as a motion under § 2255 unless instructed otherwise and has provided the appropriate warnings regarding the consequences of such a reinterpretation. *Hunter*, Dkt. No. 110. *See Castro v. United States*, 540 U.S. 375 (2003). If Mr. Hunter's habeas petition were to be redocketed in his criminal case, then the same warnings would again be necessary before the habeas

petition could be reinterpreted as a motion under § 2255. In other words, relocation of the habeas petition to the criminal proceedings would leave Mr. Hunter in exactly the same place that he is right now—needing to inform the sentencing court whether he intends to pursue relief under § 2255 and which claims he intends to raise. An intradistrict "transfer" would only complicate the proceedings in the criminal case and therefore also would not be in the interests of justice. Dismissal without prejudice is the more appropriate outcome; accordingly, that is the outcome recommended.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1406(a).

Date: September 20, 2023              *s/ John F. Docherty*
                                      JOHN F. DOCHERTY
                                      United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).